IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLLAND C. HANLEY, JR., | 1:06-cv-01389-OWW-DLB (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| MERCED COUNTY CALIFORNIA SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

On December 3, 2007, the court issued a Second Information Order and Order directing service by the United States Marshal and served the orders on plaintiff. On December 12, 2007, the orders served on plaintiff were returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

///

-1-

1  In the instant case, sixty days have passed since plaintiff's mail was returned and he has not
2  notified the court of a current address.
3           In determining whether to dismiss an action for lack of prosecution, the court must
4  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
5  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
6  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
7  sanctions.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d
8  1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this
9  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case
10 has been pending [amount of time].  The court cannot hold this case in abeyance indefinitely
11 based on plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to
12 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
13 occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522,
14 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
15 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
16 given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the
17 court apprised of his current address, no lesser sanction is feasible.

18                                    **RECOMMENDATION**

19           Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
20 plaintiff's failure to prosecute.
21           These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within ten days after service of the objections.  The parties are advised
27 ///
28 ///

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7    IT IS SO ORDERED.

8    **Dated:   April 9, 2008**            <u>     /s/ **Dennis L. Beck**     </u>
                                             UNITED STATES MAGISTRATE JUDGE